IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39679-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KEANU ANTHONY FORD, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Keanu Ford appeals after the trial court revoked his 51-month suspended special sex offender sentencing alternative (SOSSA). Eighteen months earlier, Keanu had pleaded guilty to one count of first degree child molestation for an act committed when he was 14 years old. In exchange for Keanu's plea, the State had agreed to support a 36-month suspended SOSSA sentence. Instead of supporting the negotiated sentence, the State misinformed the trial court that the minimum sentence it could impose was 51 months. The trial court then imposed that sentence.

We reverse and remand for the trial court to permit Keanu either to withdraw his guilty plea or seek specific performance.

FACTS

When Keanu Ford was 14 years old, he groped his 8-year-old sister's vagina while the two played a game on Keanu's bed. Keanu's sister reported the abuse to the children's grandparents, and Keanu eventually confessed.

Six years later, Keanu's sister reported this and other instances of abuse by Keanu. By then, Keanu was 20 years old. He confessed to wrongdoing and expressed remorse. The State charged Keanu with two counts of child molestation in the first degree.

*Plea agreement and sentencing*

In exchange for pleading guilty to one count of child molestation in the first degree, Keanu agreed to a 36-month SSOSA. Before sentencing, the Department of Corrections (DOC) conducted a presentence investigation that endorsed Keanu's SSOSA, and concluded that Keanu "has taken responsibility for his actions, seems to be remorseful, [and] has shown empathy for his victim sister." Clerk's Papers (CP) at 37. During his interview with DOC, Mr. Ford disclosed that, as a youth, he had:

- spent time in foster care;

- suffered physical abuse from his grandfather;

- struggled to be honest with others;

- incurred multiple in-school suspensions;

- been terminated from a job for absenteeism;

- attempted suicide; and

- failed to earn his high school diploma.

*See* CP at 31-34.

At sentencing, the State—notwithstanding its agreement with Keanu—told the trial court that the minimum sentence it could impose was 51 months.[1]  The court agreed with the State, and Keanu's defense counsel did not dispute this conclusion.  Because Keanu had not agreed to plead guilty in exchange for this lengthier sentence, the court, before imposing the sentence, gave Keanu the opportunity to withdraw his plea.  Keanu—who was in custody at the time and who would be released after sentencing— chose to proceed.

Before imposing its sentence, the trial court drew attention to a portion of Keanu's presentence report where Keanu admitted he had known, when he groped his sister, that it was wrong.  The court told Keanu that the charged offense was "very serious," and that even at age 14, he would have "had ten years of knowing the difference between right and wrong."  Suppl. Rep. of Proc. (Suppl. RP) at 17-18.  The court characterized this portion of Keanu's presentence interview as "the only thing that . . . [it would] mention, out of this whole thing."  Suppl. RP at 17.   The court then imposed a 51-month suspended SOSSA sentence.

---

[1] Child molestation in the first degree has a seriousness level of X. RCW 9.94A.515.  The standard range sentence for this seriousness level and an offender score of 0 is 51-68 months.  RCW 9.94A.510.

*Revocation and appeal*

Under the terms of his SSOSA sentence, Keanu agreed—among other

conditions—to obtain employment, avoid areas where children congregated (including

parks), refrain from possessing pornographic materials, and reside at a DOC-approved

address. Eighteen months into Keanu's supervision, DOC filed three notices alleging

violation of all four of these conditions. As a result, the trial court revoked Keanu's

SSOSA sentence and imposed the suspended 51-month term.

Keanu does not appeal the revocation of his suspended sentence, but rather

appeals the 51-month term.

## ANALYSIS

Keanu argues the trial court, at his original sentencing, failed to meaningfully

consider mitigating qualities of youth, and failed to recognize its discretion to impose an

exceptional downward sentence. We agree.

*Standard of review*

Where there is a challenge to a standard range sentence, we will review that

challenge only to determine whether the trial court, in imposing the sentence, complied

with statutory and constitutional requirements. *State v. Osman*, 157 Wn.2d 474, 481-82,

139 P.3d 334 (2006). If constitutional error occurred, we presume the error prejudicial,

and will vacate the sentence unless the State proves beyond a reasonable doubt that the error was harmless. *State v. Delbosque*, 195 Wn.2d 106, 129, 456 P.3d 806 (2020).

*Reviewability*

A suspended sentence does not prejudice a defendant and thus is not ripe for review. *State v. Langland*, 42 Wn. App. 287, 292, 711 P.2d 1039 (1985). After the trial court revokes a sentencing alternative and imposes a suspended sentence, however, both the revocation order and the imposed sentence draw scrutiny on appeal. *State v. Zwede*, 21 Wn. App. 2d 843, 858, 508 P.3d 1042, *review denied*, 200 Wn.2d 1006, 516 P.3d 380 (2022). The State, correctly, does not contest our authority to review the term of Keanu's 51-month sentence.

*Failure to consider mitigating qualities of youth*

In matters of criminal sentencing, it is axiomatic that "children are different." *Miller v. Alabama*, 567 U.S. 460, 481, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). Accordingly, a trial court sentencing a defendant for a crime committed as a juvenile must, under both our federal and state constitutions, "consider mitigating qualities of youth . . . and must have discretion to impose any sentence below the otherwise applicable [standard] range." *State v. Houston-Sconiers*, 188 Wn.2d 1, 21, 391 P.3d 409 (2017); *see In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 311, 482 P.3d 276 (2021)

5

(rule derives both from the Eighth Amendment to the United States Constitution and from article I, section 14 of the Washington Constitution).

When discharging this duty, trial courts "must do far more than simply recite the differences between juveniles and adults." *State v. Ramos*, 187 Wn.2d 420, 443, 387 P.3d 650 (2017). Instead, courts must meaningfully consider those qualities of youth that bear on the appropriateness of a sentence, including, specifically, the propensity of youth toward "'immaturity [and] impetuosity,'" and the failure of youth "'to appreciate risks and consequences.'" *Houston-Sconiers*, 188 Wn.2d at 23 (quoting *Miller*, 567 U.S. at 477). Courts must also consider a youthful defendant's living environment and familial history, as well as "any factors suggesting that the child might be successfully rehabilitated." *Id.*

Here, the trial court did not meaningfully consider Keanu's youthfulness at the time he committed the crime. While the court did acknowledge Keanu's youthfulness, it did so only by commenting that at age 14, he would have "had ten years of knowing the difference between right and wrong." Suppl. RP at 17. In other words, the court implied that Keanu, by age four, would have had the moral discernment necessary not to grope his younger sister. Moreover, the court stated that Keanu's knowledge of right and wrong at 14 was "the only thing" it wished to mention from Keanu's presentence evaluation. Suppl. RP at 17.

6

Such consideration does not pass constitutional muster. Rather than emphasizing one supposedly aggravating detail from Keanu's presentence evaluation (his moral acuity at age 14), the trial court should have considered the breadth of Keanu's evaluation, which furnished evidence of several of the mitigating factors articulated in *Houston-Sconiers*. 188 Wn.2d at 23.

*Unrecognized authority to impose exceptional downward sentence*

Even had the trial court properly considered the *Houston-Sconiers* factors, Keanu's 51-month suspended sentence would be error because the court believed it lacked discretion to impose an exceptional downward sentence.

As already noted, a trial court sentencing a youth "must have discretion to impose any sentence below the otherwise applicable [Sentencing Reform Act, chapter 9.94A RCW] range." *Id.* at 21. Where a trial court considers a defendant's youthfulness but fails to appreciate its own discretion to impose a downward sentence, that court has misapplied the law and thus has abused its discretion. *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 243-45, 474 P.3d 507 (2020).

Here, the trial court believed it could not impose the negotiated 36-month suspended sentence. After the State informed the court that the minimum sentence it could impose was 51 months, the court agreed. As further evidence the trial court believed it lacked discretion to impose an exceptional downward sentence, it gave Keanu

No. 39679-7-III
*State v. Ford*

the option of withdrawing his guilty plea or of proceeding forward. We conclude that the trial court abused its discretion by failing to recognize its constitutional authority to impose an exceptional downward sentence.

*Remedy*

Plea agreements are contracts. *State v. Sledge*, 133 Wn.2d 828, 838, 947 P.2d 1199 (1997). Accordingly, whether a breach occurs depends upon a party's actions, not the intent behind its actions. *Id.* at 843 n.7. Here, the State breached the plea agreement when it told the trial court it lacked authority to impose the 36-month negotiated term.

The proper remedy for such a breach is to permit the defendant either to withdraw the guilty plea or to seek specific performance. *State v. MacDonald*, 183 Wn.2d 1, 21, 346 P.3d 748 (2015). We direct the trial court to grant Keanu this election.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Cooney, J.

8